**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-1624-Orl-19JGG**

**WILLIAM KYRIAKAKIS,**

**Defendant.**

---

# ORDER

This case comes before the Court on the following:

1) Plaintiff United States' Motion For Summary Judgment, Statement Of Undisputed Material Facts, And Supporting Memorandum Of Law (Doc. No. 30, filed Aug. 1, 2007); and

2) Defendant William Kyriakakis's Opposition To Motion For Summary Judgment (Doc. No. 32, filed Aug. 20, 2007).

## Background

This case comes before the Court on Plaintiff United States' Motion for Summary Judgment. (Doc. No. 30, filed Aug. 1, 2007.) Defendant William Kyriakakis has filed an opposition to this Motion. (Doc. No. 32, filed Aug. 20, 2007.)

### I. Material Facts as to Which There Is No Dispute

Sometime near the end of 1990, Defendant acquired a fifty percent interest in Bell Corporation. (Doc. No. 30 at p. 2, ¶ 1; Doc. No. 32 at p. 5.) The other fifty percent interest belonged to Nicholas Papageorgiou. (Doc. No. 30 at p. 2, ¶ 1; Doc. No. 32 at p. 5.) Bell

Corporation owned a number of Burger King franchises in the Boston area. (Doc. No. 30 at p. 2, ¶ 2; Doc. No. 32 at p. 5.) Defendant served as Vice-President of Bell Corporation. (Doc. No. 30 at p. 2, ¶ 3; Doc. No. 32 at p. 5.)

Defendant and Mr. Papageorgiou subsequently formed another company named KYPA, Inc. and used it to acquire two additional Burger King franchises in the Boston area. (Doc. No. 30 at p. 2, ¶ 4; Doc. No. 32 at p. 5.) Around 1992, Defendant and Mr. Papageorgiou formed another company, KYPA of Clearwater, Inc., and used it to acquire four Burger King franchises in Florida. (Doc. No. 30 at p. 2, ¶ 6; Doc. No. 32 at p. 5.)

Defendant and Mr. Papageorgiou had conversations about the financial circumstances of Bell Corporation, KYPA, Inc., and KYPA of Clearwater, Inc. on a daily basis. (Doc. No. 30 at p. 3, ¶ 10; Doc. No. 32 at p. 5). A controller, Emanuel Haggis, worked in the Boston office and was responsible for balancing bank statements, overseeing the payment of bills, and creating financial statements. (Doc. No. 30 at p. 3, ¶ 11; Doc. No. 32 at p. 5.) Another employee in the Boston office, Rita Gagnon, was responsible for processing the payroll of Bell Corporation, KYPA, Inc., and KYPA of Clearwater, Inc. (Doc. No. 30 at p. 3, ¶ 14; Doc. No. 32 at p. 5.) In processing the payroll, Mrs. Gagnon provided employee information to a third-party payroll company. (Doc. No. 30 at p. 3, ¶ 15; Doc. No. 32 at p. 5.) The payroll company sent the employees' checks to Mrs. Gagnon for distribution. (Doc. No. 30 at p. 3, ¶ 15; Doc. No. 32 at p. 5.) Mrs. Gagnon was not authorized to mail the income tax checks and provided the payroll tax documents to either Mr. Papageorgiou or Defendant, depending on who was in the office. (Doc. No. 30 at p. 4, ¶ 17; Doc. No. 32 at p. 5.) Defendant had signatory authority on the accounts of Bell Corporation, KYPA, Inc., and KYPA of Clearwater, Inc. (Doc. No. 30 at p. 4, ¶ 18; Doc. No. 32 at p. 5.)

Prior to September 9, 1993, an IRS agent visited one of the stores and asked Mr. Haggis who was responsible for paying bills. (Doc. No. 30 at p. 4, ¶ 22; Doc. No. 32 at p. 5.) Mr. Haggis told Defendant about the IRS agent's visit. (Doc. No. 30 at p. 4, ¶ 23; Doc. No. 32 at p. 5.) On September 9, 1993, Mr. Papageorgiou and Defendant signed a letter stating:

> Please be advised that the responsibility and direction of any and all payments made to vendors, State and Federal government agencies including the control of collecting, accounting[,] and payment of payroll taxes were solely the responsibility of Mr. Nicholas Papageorgiou and Mr. William Kyriakakis, both officers of these corporations.

(Doc. No. 30 at pp. 4-5, ¶ 24; Doc. No. 32 at p. 5.) The reference line of the letter states "Kypa, Incorporated/Bell Corporation." (Doc. No. 30 at p. 5, ¶ 24; Doc. No. 32 at p. 5.)

On April 17, 1995, a delegate of the Secretary of Treasury made assessments against Defendant for federal Trust Fund Recovery Penalty liabilities as follows:

| **Date of Assessment** | **Applicable Period** | **Company** | **Amount** |
|---|---|---|---|
| February 27, 1995 | 10/01/93 to 06/30/94 | KYPA of Clearwater, Inc. | $56,751.55 |
| April 17, 1995 | 10/01/92 to 03/31/93 | KYPA, Inc. | $29,111.72 |
| September 18, 1995 | 10/01/93 to 06/30/94 | KYPA, Inc. | $46,376.08 |
| October 9, 1995 | 04/01/92 to 12/31/94 | Bell Corporation | $252,200.13 |
| October 28, 1996 | Ending 09/30/94 | KYPA, Inc. | $14,225.35 |

(Doc. No. 30 at pp. 5-6, ¶¶ 27-31; Doc. No. 32 at p. 5.) The assessed liabilities totaled $398,664.83. (*See* Doc. No. 30 at pp. 5-6, ¶¶ 27-31; Doc. No. 32 at p. 5.)

## II. Pleadings

Plaintiff brought suit against Defendant on October 17, 2006 to reduce to judgment the unpaid federal tax liabilities for KYPA of Clearwater, Inc. and Bell Corporation. (Doc. No. 1 at pp.

1-2, ¶¶ 1, 7, filed Oct. 17, 2006.) Plaintiff alleged that the total amount due on October 31, 2006 was $877,617.20 and sought any additional fees, interest, and statutory additions. (*Id.* at p. 4, ¶ A.)

On January 2, 2007, Defendant filed an Answer to Plaintiff's Complaint. (Doc. No. 16, filed Jan. 2, 2007.) Defendant denied that he was the party required to collect, account for, and pay federal employment taxes for KYPA of Clearwater, Inc. and Bell Corporation. (*Id.* at p. 1, ¶ 6.) He further claimed that he lacked sufficient knowledge to admit or deny whether he willfully failed to collect, account for, and pay federal employment taxes for these two companies. (*Id.* ¶ 7.) Lastly, Defendant asserted five affirmative defenses: (1) the Complaint fails to state a claim upon which relief may be granted; (2) the Complaint is barred by the relevant statute of limitations; (3) the Complaint is barred by the doctrine of laches; (4) Plaintiff is estopped from seeking collection of the asserted taxes; and (5) Plaintiff is barred from collecting taxes based on the equitable doctrine of waiver and / or unclean hands. (*Id.* at p. 2.)

On July 2, 2007, Plaintiff filed a motion for leave to amend its Complaint. (Doc. No. 24, filed July 2, 2007.) This motion was granted. (Doc. No. 28, filed July 23, 2007.) On July 25, 2007, Plaintiff filed an Amended Complaint which added allegations about Defendant's federal Trust Fund Recovery Penalty liabilities for KYPA, Inc. (Doc. No. 29 at p. 2, ¶¶ 6-8, filed July 25, 2007; *id.* at p. 4, ¶ A.) Defendant has not filed an answer to the Amended Complaint.

**Standard of Review**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986);

*Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp.*, 357 F.3d at 1259. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.* at 1260. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*; *Anderson*, 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.* On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## Analysis

### I. Procedural Matters

Plaintiff claims that the undisputed facts establish that Defendant is liable for the federal Trust Fund Recovery Penalty liabilities of KYPA, Inc., KYPA of Clearwater, Inc., and Bell

Corporation. (Doc. No. 30 at pp. 1, 12.) Defendant, though not filing an answer to Plaintiff's Amended Complaint, has filed a response to Plaintiff's motion for summary judgment. (*See* Doc. No. 32.) While the Court infers from this response that Defendant continues to deny most of Plaintiff's allegations, Defendant must still file an answer to Plaintiff's Amended Complaint. Fed. R. Civ. P. 15(a) ("A party *shall* plead in response to an amended pleading . . . within 10 days after service of the amended pleading . . . unless the court otherwise orders." (emphasis added)); *see also Isby v. Clark*, 100 F.3d 502, 504 (7th Cir. 1996) (affirming the decision of a district court permitting defendant to file a late amended answer where it was clear from pretrial matters and defendant's response to plaintiff's motion for summary judgment that defendant "continued to deny the essence of the claims"). The Court will consider Plaintiff's Motion for Summary Judgment, but directs Defendant to file an answer to the Amended Complaint within ten (10) days of the date of this Order or a default judgment may be entered against him.

**II. Federal Trust Fund Recovery Penalty Liabilities**

As Plaintiff correctly points out, Title 26, Sections 3102(a) and 3402(a) of the United States Code require an employer to deduct and withhold income taxes from the wages paid to its employees. 26 U.S.C. §§ 3102(a), 3402(a) (2006). These withheld taxes are to be held in a "special fund in trust for the United States." *Id.* § 7501(a). The Code further states:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

*Id.* § 6672(a). A "person" is defined to include "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." *Id.* § 6671(b).

The Eleventh Circuit Court of Appeals has held that the test for liability under Section 6672(a) can be reduced to two elements: "(1) a reasonable person (2) who has willfully failed to perform a duty to collect, account for, or pay over federal employment taxes." *Thosteson v. United States*, 331 F.3d 1294, 1298 (11th Cir. 2003). According to the Eleventh Circuit, "[o]nce an individual is established as a 'responsible person,' the burden shifts to the individual to disprove willfulness." *Malloy v. United States*, 17 F.3d 329, 331 (11th Cir. 1994).

**A. Responsible Person**

Courts have generally taken a broad view of who constitutes a responsible person. *Smith v. United States*, 894 F.2d 1549, 1553 (11th Cir. 1990). Responsibility under Section 6672 is a matter of "status, duty, and authority." *Williams v. United States*, 931 F.2d 805, 810 (11th Cir. 1991) (quoting *Mazo v. United States*, 591 F.2d 1151, 1156 (5th Cir. 1979), *cert. denied*, 444 U.S. 842 (1979)). Indicia of responsibility include "the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees." *Id.* (quoting *George v. United States*, 819 F.2d 1008, 1011 (11th Cir. 1987)). More than one person in a corporation may be a responsible person. *Thibodeau v. United States*, 828 F.2d 1499, 1503 (11th Cir. 1987).

Defendant admits that he is a "responsible person" for KYPA, Inc. and Bell Corporation. (Doc. No. 32 at p. 8.) However, Defendant denies that he is a "responsible person" for KYPA of Clearwater, Inc. (*Id.* at pp. 8-9.) Plaintiff asserts that the September 9, 1993 letter from Defendant

establishes that he was a responsible person not only for KYPA, Inc. and Bell Corporation but also for KYPA of Clearwater, Inc. (Doc. No. 30 at pp. 11-12; Doc. No. 30-4 at p. 18.) Defendant argues that this letter instead shows that Defendant was not responsible for KYPA of Clearwater, Inc. (Doc. No. 32 at pp. 8-9.)

The September 9 letter states in its subject line that it refers to "Kypa Incorporated/Bell Corporation." (Doc. No. 30-4 at p. 18.) Plaintiff asks the Court to infer from this letter that Defendant has responsibility over KYPA of Clearwater, Inc., but such an inference is impermissible at the summary judgment stage. *See Anderson*, 477 U.S. at 255. All inferences are to be drawn in favor of the non-moving party. *Id.* Where more than one inference may be drawn from the facts and that inference creates an issue of material fact, summary judgment must be denied. *Id.*

Plaintiff has offered evidence that Defendant was a fifty-percent owner of KYPA of Clearwater, Inc. and that he had check-writing authority for that company. (Doc. No. 30-2 at pp. 6-7, 10, 14.)[1] In response, Defendant has offered evidence that he had almost no involvement with the stores owned by KYPA of Clearwater, Inc. which were located in Florida. (Doc. No. 32-2 at pp. 4-5; Doc. No. 32-5 at p. 23; *see also* Doc. No. 32-3 at p. 9.) This creates a genuine issue of material fact as to whether Defendant is a responsible person for KYPA of Clearwater, Inc. which this Court may not resolve on summary judgment.

---

[1] Percentage ownership and signatory authority are two of several factors to consider when deciding who is a responsible person under Section 6672. *See, e.g.*, *Williams*, 931 F.2d at 810; *Ferguson v. United States*, 317 F. Supp. 2d 945, 954 (S.D. Iowa 2004). No single factor is dispositive. *Ferguson*, 317 F. Supp. 2d at 954. The fact that Defendant is a fifty percent owner of KYPA of Clearwater, Inc., while relevant to the determination of whether he is a responsible party, is not conclusive. *See id.*

**B. Willfulness**

Under Section 6672, a person acts "willfully" when he or she commits a "voluntary, conscious, and intentional act." *Paris v. United States*, 355 B.R. 867, 872 (M.D. Fla. 2006) (quoting *Mazo*, 491 F.2d at 1155). It does not require a fraudulent or improper motive on the part of the responsible person. *Id.* The willfulness requirement is satisfied if "there is evidence that the responsible officer had knowledge of payments to other creditors after he was aware of the failure to remit withholding taxes." *Smith*, 894 F.2d at 1553. Where a responsible party continues paying other creditors in order to keep the company going and preserve its ability to repay tax debt, that party still may be liable under Section 6672. *Thosteson*, 331 F.3d at 1301. Generally, the question of willfulness is a subjective one that should be reserved for the jury. *Thibodeau*, 828 F.2d at 1505.

Since Defendant has admitted that he is a responsible party for KYPA, Inc. and Bell Corporation, the Court will consider whether Defendant willfully failed to pay taxes for those two companies. Plaintiff seeks to impose liability on Defendant for taxes assessed as early as April 1, 1992. (Doc. No. 30 at p. 6, ¶ 31.) Defendant, however, contends that he was not even aware of the failure to pay taxes until sometime in September of 1993. (Doc. No. 32-5 at pp. 16, 44; *see also* Doc. No. 30 at p. 13 ("Defendant had knowledge of the unpaid taxes at least by the time he signed the September 9, 1993 [letter]").) This creates a genuine issue of material fact as to whether Defendant willfully failed to pay over taxes prior to September 1993.

After September 1993, Defendant admits that he was aware of the tax problems of KYPA, Inc. and Bell Corporation. (Doc. No. 32-5 at pp. 16, 44.) After this time, Defendant asserts that he began to keep records of when the income tax checks would come in and the date on which they should be taken to the bank. (*Id.* at p. 14.) Defendant alleges he would return the checks to the

controller, Mr. Haggis, and Mr. Haggis and Mr. Papageorgiou would be in charge of getting the checks to the bank. (*Id.* at pp. 14-15.) Defendant claims that the checks were going to the bank but were not being honored. (*Id.* at pp. 15, 21.) In his deposition, Defendant testified: "It was my belief that the payroll [tax] checks were brought to the bank on the days that were indicated [in my records]." (*Id.* at p. 15.) Accordingly, Defendant offers evidence that raises a genuine issue of material fact regarding whether he willfully failed to perform his duty to collect, account for, and pay taxes to the government. Therefore, Plaintiff's Motion for Summary Judgment must be denied.

**Conclusion**

Based on the foregoing, this Court **DENIES** Plaintiff's Motion for Summary Judgment. (Doc. No. 30.) The Court further directs Defendant to file an Answer to Plaintiff's Amended Complaint (Doc. No. 29) within ten (10) days of the date of this Order or sanctions, including but not limited to a default judgment, may be imposed.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 19, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record