**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

-vs-                                                    **Case No. 6:06-cv-1624-Orl-19UAM**

**WILLIAM KYRIAKAKIS,**

      **Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1. Plaintiff United States of America's Motion To Strike Defendant William Kyriakakis' Jury Demand (Doc. No. 50, filed Dec. 5, 2007); and

2. Defendant William Kyriakakis' Response And Incorporated Memorandum Of Law In Opposition To United States' Motion To Strike Defendant's Jury Demand (Doc. No. 55, filed Dec. 19, 2007).

### Background

Plaintiff United States of America brought suit against Defendant William Kyriakakis on October 17, 2006 to reduce to judgment the unpaid federal tax liabilities for KYPA of Clearwater, Inc. and Bell Corporation. (Doc. No. 1 at pp. 1-2, ¶¶ 1, 7.) Plaintiff alleged that the total amount due on October 31, 2006 was $877,617.20 and sought any additional fees, interest, and statutory additions. (*Id.* at p. 4, ¶ A.)

On January 2, 2007, Defendant filed an Answer to Plaintiff's Complaint. (Doc. No. 16.) Defendant denied that he was the party required to collect, account for, and pay federal employment

taxes for KYPA of Clearwater, Inc. and Bell Corporation.  (*Id.* at p. 1, ¶ 6.)  He further claimed that he lacked sufficient knowledge to admit or deny whether he willfully failed to collect, account for, and pay federal employment taxes for these two companies.  (*Id.* ¶ 7.)  Defendant did not demand a trial by jury.

On July 2, 2007, Plaintiff filed a Motion for leave to amend its Complaint.  (Doc. No. 24.)  This Motion was granted and on July 25, 2007, Plaintiff filed an Amended Complaint which added KYPA, Inc. as one of the companies for which Defendant owed unpaid federal tax liabilities.  (Doc. No. 29 at p. 2, ¶¶ 6-8; *id.* at p. 4, ¶ A.)  Plaintiff later filed a Motion for Summary Judgment, which Defendant opposed. (Doc. Nos. 30, 32.)  The Court denied Plaintiff's Motion and ordered Defendant to file an Answer to Plaintiff's Amended Complaint.  (Doc. No. 36.)  Defendant filed an Answer on September 24, 2007 and for the first time demanded a trial by jury.  (Doc. No. 38.)  Plaintiff now moves the Court to strike this jury demand, and Defendant has filed a Response opposing Plaintiff's Motion.  (Doc. Nos. 50, 55.)

**Analysis**

The right to a jury trial in a civil case in grounded in the Seventh Amendment to the United States Constitution.  As the Federal Rules of Civil Procedure recognize, "The right of trial by jury as declared by the Seventh Amendment to the Constitution–or as provided by a federal statute–is preserved to the parties inviolate." Fed. R. Civ. P. 38(a).  Nevertheless, a party may waive this right by failing to make a timely demand for a jury trial.  *Id.* at 38(b), (d).  According to the Eleventh Circuit Court of Appeals, "Such waivers apply only to the issues raised by the pleadings; subsequent amendments to the pleadings can raise 'new issues' for which the right to a jury remains." *LaMarca v. Turner*, 995 F.2d 1526, 1545 (11th Cir. 1993).

The term "issue" means "something more than the evidence offered and the legal theories pursued. . . . [One must ask whether] the ultimate issue for decision is different." *Id.* (quoting *Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir. 1980)). The "underlying facts and basic legal theory [must be] changed by the amendments" in order to create new issues. *Id.* (quoting *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973)). When an amended complaint adds such new issues, the "defendant's initial waiver of a jury [does] not preclude him from making an effective jury demand with respect to the new issues and new claims." *Orlick v. Kozyak (In re Fin. Federated Title & Trust, Inc.)*, 309 F.3d 1325, 1329 (11th Cir. 2002).

As further guidance, the Eleventh Circuit has explained that "[t]he right to a jury trial 'shall be preserved . . . inviolate,' and a court's discretion 'is very narrowly limited and must, wherever possible, be exercised to preserve jury trial.'" *Borgh v. Gentry*, 953 F.2d 1309, 1311 (11th Cir. 1992) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959)). The Court has also stated that the right to a jury trial is "fundamental", and "courts must indulge every reasonable presumption against waiver." *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (quoting *LaMarca*, 995 F.2d at 1544).

The current case presents a close call. In its Amended Complaint, Plaintiff newly alleges that Defendant willfully failed to collect, truthfully account for, and pay over the federal employment taxes of KYPA, Inc. (Doc. No. 29 at p. 2.) On the one hand, this new allegation includes an additional corporation for which Defendant allegedly failed to pay employment taxes. (*See id.*) On the other hand, Plaintiff continues to claim the same total tax liabilities and the same dates of assessment and amounts assessed. (*Compare* Doc. No. 1 at pp. 2, 4 *with* Doc. No. 29 at pp. 2, 4.)

In making its decision, this Court must bear in mind that there is a strong presumption in favor of a trial by jury and the Court's discretion to deny a jury trial is narrow. *E.g.*, *Borgh*, 953 F.2d at 1311. The Amended Complaint adds an additional entity for which Defendant could be held liable and against which Defendant asserts a new defense. (Doc. Nos. 29, 38.) This amendment changes both the facts and the underlying legal theory of Plaintiff's case. *See, e.g.*, *Orlick*, 309 F.3d at 1330 (finding that the defendant's right to a jury trial was revived where an amended complaint raised a new issue by alleging the same basic facts but raising the defendant's alleged liability from $10,000 to $1,017,647). Therefore, the Court finds that the Amended Complaint raises new issues for which the right to a jury trial is revived.

This Court recognizes that there are common issues underlying Plaintiff's claims for liability against Defendant. The three corporations for which Defendant allegedly bears tax liability appear to have co-existed for a number of years and shared employees. (Doc. No. 30 at pp. 2-3; Doc. No. 32 at p. 5.) The Burger King franchises that may be subject to Federal Trust Fund Recovery Penalty Liabilities were owned by these three corporations. (Doc. No. 30 at p. 2; Doc. No. 32 at p. 5.) Defendant's tax liability will depend on consideration of the same basic facts and, in the interests of justice and judicial economy, should be decided by a single entity. *See Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 388 (10th Cir. 1990) (finding, in a case with multiple parties, that common issues underlying both claims for which a jury trial has been waived and claims for which a jury trial has been properly demanded should be tried by a jury) (quoted in *LaMarca*, 995 F.2d at 1547). Thus, this case in its entirety shall be tried by a jury.[1]

---

[1] Even if this Court were to find waiver of Defendant's right to a jury trial, the Court could construe the Amended Answer at Docket Number 38 in which Defendant (continued...)

**Conclusion**

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to strike Defendant's Jury Demand. (Doc. No. 50.) The case shall be designated as a **civil case with JURY trial**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 2, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1](...continued)
demands a jury trial as a motion under Federal Rule of Procedure 39(b).  *See, e.g.*, *Wertz v. Grubbs*, 45 F.3d 428, 1995 WL 3164, at *6 n. 9 (4th Cir. 1995) (Widener, J., concurring in the result) ("However, because the right to jury trial is a fundamental element of our judicial system, any manifestation of a party's desire for a jury trial should suffice as a motion under Rule 39(b)."); *Bross v. Chevron U.S.A., Inc.*, 2007 WL 4365364, at *2 (W.D. La. Dec. 7, 2007) ("The instant motion is not filed as a motion pursuant to Rule 39(b).  Nevertheless, given the nature of the relief requested by plaintiffs, this Court construes the motion as a motion seeking relief pursuant to Rule 39(b).").  This Rule states: "Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).  Accordingly, the Court would exercise its discretion under this Rule and order a jury trial on all issues.